# EXHIBIT A
# TO AFFIDAVIT OF
# SCOTT A. BARBOUR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOUGLAS A. DUHART,

                                    **COMPLAINT**

                   Plaintiff,

   -against-

                                 Index: 1:07-cv-00169-GLS-DRH

CSX TRANSPORTATION, INC.,

                   Defendant.

---

      The Plaintiff, DOUGLAS A. DUHART, by and through his attorneys, O'Connell and Aronowitz, P.C., submits the following as and for a Complaint herein and alleges as follows:

### PARTIES

1. At all times herein relevant, the Plaintiff, DOUGLAS A. DUHART, was and is a resident of the City of Catskill, County of Greene and State of New York.

2. Upon information and belief, at all times herein relevant, the Defendant, CSX Transportation, Inc. (hereinafter "CSX") was and is a foreign corporation authorized to do business in the State of New York and was doing business in the Town of Selkirk, County of Albany and State of New York.

3. At all times herein relevant, upon information and belief, the Defendant CSX was and is the owners of certain real property commonly know as Selkirk Classification Yard, One Bell Crossing Road, Town of Selkirk, County of Albany and

1

State of New York and/or was otherwise responsible for the maintenance and safety on said property as well as the overall work environment for its employees.

4. At all times herein relevant, the Defendant CSX was and is a common carrier in interstate transportation and commerce by railroad.

## JURISDICTION

5. This Court has jurisdiction pursuant to 45 U.S.C. § 51, *et seq.*, as the Defendant, CSX, is and was a common carrier by railroad engaging in commerce between the States, and the Plaintiff, DOUGLAS A. DUHART, suffered injury while he was employed by CSX.

6. The matter in controversy exceeds, exclusive of interest and cost, the sum of $75,000.00.

7. Venue is properly laid in the Northern District of New York, pursuant to 45 U.S.C. § 56 as the Defendant CSX is involved in and is doing business in the Town of Selkirk, County of Albany and State of New York, and the injury occurred in the Town of Selkirk, State of New York, which is in the Northern District of New York.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION HEREIN:

8. Plaintiff repeats and reiterates the information and allegations contained above.

9. This action is being brought against the Defendant CSX pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*

2

10. At all times herein relevant, the Plaintiff, DOUGLAS A. DUHART, was an employee of the Defendant CSX as the term is defined under 45 U.S.C. § 51 *et seq.* and as such was an employee for the Defendant CSX and was engaged by the Defendant CSX to perform duties in the furtherance of its business interest and movement of freight in interstate and foreign commerce.

11. At all time relevant to this complaint, and for some time prior thereto, Plaintiff was employed by Defendant CSX as a machinist in the furtherance of Defendant CSX's business in interstate commerce and interstate freight transportation.

12. Pursuant to 45 U.S.C. § 51 *et seq.* the Defendant had a duty to provide the Plaintiff with a safe work environment.

13. Pursuant to the Plaintiff's employment, job duties and functions with the Defendant, and in furtherance of the same, the Defendant required the Plaintiff to work in compromising positions, ergonomically unstable environments, less than the minimal amount of workspace, tight and unworkable quarters, static body positions causing muscle tension and inadequate blood flow, use various equipment, materials, tools and components in tight, awkward, contorted and improper positions causing excessive stress on his back and other areas of his body.

14. That the aforementioned resulting posture and positioning was unsafe in that it caused the Plaintiff to conduct his job functions with poor mechanics, improper leverage and support, forceful and contorting motions and otherwise repetitive manual exercises.

3

15. Such negligence of the Defendants, comprised of, but was not limited to: failing to conduct a ergonomic risk assessment or other analysis of the specific task or tasks performed by the Plaintiff in order to determine the most suitable positioning in order to perform said task; failing to determine a suitable manner and method for accessing the oil cooler in order to make repairs; the negligent and careless failure to adequately instruct, guide, train or otherwise set forth specific known guidelines for performing the specific tasks in an ergonomically proper fashion; failing to adequately provide for a proper and safe work environment in order to perform the task; negligently and carelessly failing to properly warn Plaintiff of possible hazards to his health at the worksite; negligently and carelessly failing to design or otherwise engineer a more suitable manner to repair or replace the oil cooler; failing to keep its equipment and property in a proper and safe manner; negligently and carelessly failing to comply with the applicable state and Federal statutes and regulations; negligently and carelessly failing to properly provide for the safety of the Plaintiff; negligently and carelessly failing to keep its equipment in a proper and safe condition; and the Defendants were in other ways careless, reckless and negligent.

16. At all times herein relevant, the Defendant, CSX, was upon information and belief, aware of, had knowledge of, or was otherwise on notice of the aforementioned defective, dangerous and unsafe conditions as described herein.

17. Due to the foregoing, on or about May 14, 2005, the Plaintiff was caused to sustain severe injuries to his back as a result of the aforesaid dangerous and hazardous conditions.

4

18. As a result of the foregoing, the Plaintiff, sustained certain serious and permanent personal injuries and damages, including excruciating conscious pain and suffering, and substantial damages.

19. The subject accident complained of herein and the injuries and damages resulting therefrom were caused wholly and solely by the negligent acts, omissions and/or conduct on the part of the Defendant herein, without any fault on the part of the Plaintiff contributing thereto.

20. At the time of the occurrence complained of and at all times prior thereto, Plaintiff was exercising ordinary care for his own safety.

21. Plaintiff demands trial by jury of all issues.

22. By reason of all the foregoing, the Plaintiff has been substantially damaged and demands judgment against the Defendant, CSX, in the sum of two million and 00/100 ($2,000,000.00) Dollars.

WHEREFORE, the Plaintiff demands judgment against the Defendant herein on the First Cause of Action in the amount of two million and 00/100 ($2,000,000.00) Dollars, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

DATED: February 13, 2007

O'CONNELL AND ARONOWITZ
By:
　　　/s/ - Kevin P. Hickey
　　　Kevin P. Hickey, Esq.
　　　Bar Roll No. 509796
Attorneys for Plaintiff
54 State Street
Albany NY 12207-1885
(518) 462-5601

5